FILED
October 19, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:       SAJ
                Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>LAWRENCE ERIC TAYLOR JR<br><br>Defendant | Case No: SA:22-CR-00548-OLG<br><br>**INDICTMENT**<br><br>COUNT 1: 18 U.S.C. §§ 2113(a) & (d)<br>Bank Robbery<br><br>COUNT 2: 18 U.S.C. § 1951(a)<br>Hobbs Act Robbery<br><br>COUNT 3: 18 U.S.C. § 924(c)(1)(A)(ii)<br>Brandishing a Firearm During and in Relation to a Crime of Violence<br><br>COUNT 4: 18 U.S.C. § 924(l)<br>Theft of a Firearm |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
[18 U.S.C. § 2113(a) & 2113(d)]

That on or about August 25, 2022, in the Western District of Texas, Defendant,

**LAWRENCE ERIC TAYLOR JR.,**

by force, violence, and intimidation, did take from the person and presence of another approximately $276,000 in money belonging to and in the care, custody, control, management, and possession of JPMorgan Chase Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a firearm, in violation of Title 18, United States Code, Sections 2113(a) & (d).

1

## COUNT TWO
## [18 U.S.C. § 1951(a)]

That at all times material to this Indictment, JPMorgan Chase & Co was engaged in the banking business, an industry that affects interstate and foreign commerce.

That at all times material to this Indictment, Brink's Incorporated was engaged in the bank security services business, an industry that affects interstate and foreign commerce.

That on or about August 25, 2022, in the Western District of Texas, Defendant,

**LAWRENCE ERIC TAYLOR JR.,**

did knowingly and unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain the property of JPMorgan Chase & Co, which was then in the possession and custody of an employee of Brink's Incorporated, namely, United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of the property, in violation of Title 18, United States Code, Section 1951(a).

## COUNT THREE
## [18 U.S.C. § 924(c)(1)(A)(ii)]

That on or about August 25, 2022, in the Western District of Texas, Defendant,

**LAWRENCE ERIC TAYLOR JR.,**

did knowingly brandish a firearm during and in relation to a crime of violence that may be prosecuted in a court of the United States, that is, Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) & (d), as further described in Count One, and Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a), as further described in Count Two, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT FOUR
**[18 U.S.C. § 924(l)]**

That on or about August 25, 2022, in the Western District of Texas, Defendant,

**LAWRENCE ERIC TAYLOR JR.,**

knowingly stole a firearm, that is, an FN, model FN509 full size, 9mm caliber pistol, serial number BUS18984, which had moved in interstate commerce, in violation of Title 18, United States Code, Section 924(l).

### NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Bank Robbery Violations and Forfeiture Statutes
[Title 18 U.S.C. § 2113(a) and (d) and Title 18 U.S.C. § 1951(a), subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(C) and 924, made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to Defendant of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
> **(a) (1)** The following property is subject to forfeiture to the United States:
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Bank Robbery violation are offenses constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in . . . violation of any other criminal law of the United States. . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

## II.
## Firearm Violations and Forfeiture Statutes
**[Title 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(l), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts Three and Four, the United States of America gives notice to Defendant of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of . . . of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the following property:

1. Taurus, model G3, 9x19 caliber pistol, serial number ADG435349; and
2. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
FOR BRIAN NOWINSKI
Assistant United States Attorney